# Exhibit A

STATE OF NEW YORK
SUPREME COURT: COUNTY OF WESTCHESTER

RENAMBA, LLC

                        Plaintiff,               **VERIFIED COMPLAINT**

vs.

RED MORTGAGE CAPITAL, LLC          Index No.:

                        Defendant.

_____

Plaintiff, Renamba, LLC, ("Renamba" or "Plaintiff"), by and through its attorneys, Hinman, Howard & Kattell, LLP, as and for its Complaint against defendant, Red Mortgage Capital, LLC (hereinafter "RED" or "Defendant"), alleges the following:

**PARTIES**

1. Plaintiff Renamba, LLC, is a limited liability company organized and existing pursuant to the laws of the State of New York with its principal place of business located at 34 Shelter Rock Rd North Hills, New York 11040.

2. Renamba is in the business of real estate development.

3. Upon information and belief, at all times herein mentioned, Red Mortgage Capital, LLC is a limited liability company organized and existing pursuant to the laws of the State of Delaware with its principal place of business located at 10 West Broad St 8th Floor Columbus, Ohio 43215.

4. Upon information and belief, RED is in the business of providing financial services, including, but not limited to commercial lending.

**JURISDICTION AND VENUE**

5. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 4.

6. Jurisdiction is proper pursuant to N.Y.C.P.L.R. § 302(a)(1) as RED transacts business and contracts to supply goods and services within the State of New York and the subject matter of this action relates specifically to RED's actions within this state.

7. Venue is proper pursuant to N.Y.C.P.L.R. § 503(a) as the cause of action arose in Westchester County.

## BACKGROUND FACTS

8. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 7 as if fully set forth herein.

9. On August 8, 2013, the Parties hereto entered into a Mortgage Loan for the principal amount of $29,559,600.00 whereas Renamba was the Mortgagor and RED was the mortgagee (hereinafter the "Loan").

10. The Loan was assigned RMC Loan # 07-0005724.

11. The Loan was for Renamba to purchase the land located at 25 Saxon Woods Road, Scarsdale, NY 10605.

12. The Loan was recorded at the Office of the Clerk of Westchester County, New York on November 4, 2013 as control number 532333362.

13. On July 29, 2014, the Parties entered into a Consolidated, Modified and Extended Mortgage for the Loan (hercinafter "Modification Agreement"). (Attached hereto as Ex. A).

14. Section 28 of the Modification Agreement provided that Renamba would pay "a **reasonable** attorney's fee" if RED became a party to any suit or action by reason of the Loan.

15. There were two lawsuits against RED related to the Loan after the execution of the Modification Agreement.

2

16. In 2017, Renamba expressed its desire to pay off the Loan.

17. On December 15, 2017, Red first issued Renamba a payoff statement for the Loan.

18. The payoff statement included, without any further detail, a single line item for Legal Fees in the amount of $1,130,100.96 (hereinafter the "Legal Fees").

19. On the same day, in response to this statement, Renamba objected to the amount of Legal Fees via email and requested a detailed itemization of the Legal Fee demand.

20. Later that day, RED responded by refusing to issue a breakdown of the Legal Fees on the basis that "the scope and nature of the legal work is protected by attorney-client privilege"; apparently suggesting that Renamba must simply pay the fee demand without review.

21. On December 16, 2017, Renamba again requested detail supporting the Legal Fee demand.

22. On December 18, 2017, RED again refused to issue the requested itemization of the fee.

23. On January 12, 2018 RED again issued a payoff statement to Renamba, still including a single line item for the same Legal Fees.

24. On January 22, 2018, Renamba again objected to the Legal Fees and requested that they be lowered to an amount that was reasonable and supported via the invoices at issue.

25. On January 23, 2018, RED responded to Renamba saying that they will not negotiate the fee and that Renamba had no choice but to pay the Legal Fees or the Loan would continue to remain outstanding.

26.     On January 25, 2018, RED issued another payoff statement that still included the Legal Fees of $1,130,100.96.

27.     The timing and terms of the underlying transaction were critical to the plaintiff's financial viability.

28.     After making its objections clear and expressly reserving its rights, Renamba closed the transaction on January 31, 2018 and paid the Legal Fees included in the transaction under protest and duress.

29.     Renamba, both directly and through its counsel, has made several demands to RED to review the descriptions underlying the Legal Fees.

30.     RED has refused and continues to refuse to allow Renamba to review the descriptions of the Legal Fees.

31.     Renamba now brings this action to recover amounts due and owing to them from RED for the extortionate and unreasonable Legal Fees Renamba was forced to pay.

## AS AND FOR A FIRST CAUSE OF ACTION

32.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 31 as if fully set forth herein.

33.     The Modification Agreement is a valid and enforceable contract.

34.     On their face, the fees demanded and subsequently paid are deemed unreasonable based on the facts of the underlying causes of action as they potentially pertain to RED.

35.     Defendant breached Section 28 of the Modification Agreement by charging Plaintiff Legal Fees that were unreasonable.

36. As a result, Plaintiff has been damaged and is entitled to recovery in an amount to be determined after review of the descriptions underlying the legal bills at issue.

## AS AND FOR A SECOND CAUSE OF ACTION

37. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 36 as if fully set forth herein in full.

38. Defendant has been unjustly enriched by virtue of the Plaintiff paying them the fees demanded.

39. Defendant benefitted by being paid exorbitant and unreasonable Legal Fees by Plaintiff.

40. Defendant received this benefit at the Plaintiff's expense.

41. Equity and good conscience require restitution.

42. As a result, Plaintiff is entitled to restitution in an amount to be determined after review of the descriptions underlying the legal bills at issue.

## AS AND FOR A THIRD CAUSE OF ACTION

43. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 42 as if fully set forth herein.

44. Defendant has breached the implied covenant of good faith and fair dealing underlying the Modification Agreement.

45. Plaintiff fulfilled all obligations required under the Modification Agreement.

46. Defendant denied Plaintiff their right under the Modification Agreement to only pay attorney's fees that were reasonable.

47. As a result, Plaintiff has been damaged and is entitled to recovery in an amount to be determined after review of the descriptions underlying the legal bills at issue.

**WHEREFORE**, Plaintiff demanded judgment against Defendant as follows:

A. Upon the First Cause of Action, awarding damages in an amount to be determined after review of the descriptions underlying the legal bills at issue;

B. Upon the Second Cause of Action, awarding damages in an amount to be determined after review of the descriptions underlying the legal bills at issue;

C. Upon the Third Cause of Action, awarding damages in an amount to be determined after review of the descriptions underlying the legal bills at issue; and

D. Awarding such other and further relief as the Court deems just and proper, including the costs and disbursements of this action.

Dated: June 15, 2019
       Binghamton, New York

Ronald L. Greene, Esq.
HINMAN, HOWARD & KATTELL, LLP
Attorneys for Plaintiff, Renamba, LLC
80 Exchange Street, P.O. Box 5250
Binghamton, NY 13902-5250
[Telephone: (607) 723-5341]
rgreene@hhk.com

## **VERIFICATION**

STATE OF NEW YORK )
                  ) SS.:
COUNTY OF BROOME  )

AMBA SHARMA, being duly sworn, deposes and says that deponent is the Manager of Plaintiff RENAMBA, LLC in the within action; that deponent has read the foregoing Complaint and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true.

_____
Amba Sharma

Subscribed and sworn to before me
this _6_ day of June, 2019.

_____
Notary Public

```
SARAH ROUKE
NOTARY PUBLIC STATE OF NEW YORK
WESTCHESTER COUNTY
LIC. # 01RO6358372
COMM. EXP. 5/8/2021
```